UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DANIEL ANGEL LUGO,

    Plaintiff,

v.                                                      Case No. 6:22-cv-809-MAP

COMMISSIONER OF SOCIAL SECURITY

    Defendant.
_____/

## ORDER

Plaintiff seeks judicial review of the denial of his claims for period of disability, Disability Insurance Benefits (DIB), and Supplemental Security Income (SSI).[1] Plaintiff argues that the Administrative Law Judge (ALJ) committed reversible error by failing to properly evaluate the opinion of consultative examiner, Adejuyigbe Adaralegbe, M.D. As the ALJ's decision was based on substantial evidence, the Commissioner's decision is affirmed.

    I.    *Background*

Plaintiff, who was born in 1977, claimed disability beginning March 2, 2020 (Tr. 53). He was 42 years old on the alleged onset date (Tr. 66). Plaintiff has a tenth-grade education (Tr. 38). He has held job as a maintenance tech/handyman and mover/driver (Tr. 306-311). He lives with his wife and four children (Tr. 39). Plaintiff

---

[1] The parties have consented to my jurisdiction. *See* 28 U.S.C. § 636(c).

alleged disability due to lymphedema, asthma, pre-diabetes, high blood pressure, and obesity (Tr. 66). The medical evidence reflects that he suffered a work-related injury on May 9, 2017, when he fell from a truck and landed directly on his right knee (Tr. 483). Although x-rays were negative for injuries, he had fluid on his right knee joint (Tr. 485). Subsequently, he has experienced bilateral recurrent lower extremity cellulitis (Tr. 748).

Given his alleged disability, Plaintiff filed applications for DIB and SSI (Tr. 268-275, 276-282). The Social Security Administration (SSA) denied Plaintiff's claim initially and upon reconsideration (Tr. 53-65, 81-101). Plaintiff then requested an administrative hearing (Tr. 190-191). Per Plaintiff's request, the ALJ held a telephonic hearing at which Plaintiff appeared and testified (Tr. 34-52). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 12-33).

In rendering the administrative decision, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since March 2, 2020, the application date (Tr. 18). After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: obesity; asthma; essential hypertension; lymphedema; anxiety disorder; and neurodevelopmental disorder with autism spectrum disorder traits and learning disorder (Tr. 18). Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 19). The

ALJ then concluded that Plaintiff retained a residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1567(b) and §416.967(b) with the following restrictions:

> except no climbing ladders, ropes, and scaffolds. He can occasionally climb ramps and stairs, kneel, crouch, crawl, and stoop. The claimant can frequently balance. He can perform no work at unprotected heights. He can have no more than occasional exposure to respiratory irritants and extreme heat. He is mentally limited to performing simple tasks and making simple work-related decisions. He can frequently interact with supervisors and coworkers and occasionally interact with the general public.

(Tr. 21). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 22).

The ALJ concluded that Plaintiff is unable to perform his past relevant work (Tr. 26). Given Plaintiff's age, education, work experience, and residual functional capacity, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform (20 CFR § 404.1569, § 404.1569(a), § 416.969, and § 416.969(a)) (Tr. 27). Specifically, the ALJ found Plaintiff would be able to perform the requirements of representative occupations such as Mail Clerk, which is light in exertional demand and has a specific vocational preparation level of two (DOT 209.687-026) with 57,000 jobs in the national economy; Routing Clerk, which is light in exertional demand and has a specific vocational preparation level of

two (DOT 222.587-038) with 53,000 jobs in the national economy; and Order Caller, which is light in exertional demand and has a specific vocational preparation level of two, (DOT 209.667-014) with 20,000 jobs in the national economy (Tr. 28). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 28). Given the ALJ's finding, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1-6). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

  II. *Standard of Review*

  To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an "impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

  To regularize the adjudicative process, the SSA promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ

4

must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

      The ALJ, in part, decides Plaintiff's claim pursuant to regulations designed to incorporate vocational factors into the consideration of disability claims. *See* 20 C.F.R. §§ 404.1501, *et seq.* These regulations apply in cases where an individual's medical condition is severe enough to prevent him from returning to his former employment but may not be severe enough to prevent him from engaging in other substantial gainful activity. In such cases, the Regulations direct that an individual's residual functional capacity, age, education, and work experience be considered in determining whether the claimant is disabled. These factors are codified in tables of rules that are appended to the regulations and are commonly referred to as "the grids." 20 C.F.R. Part 404, Subpart P, App. 2. If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled.

5

20 C.F.R. §§ 404.1569, 416.969. If an individual's situation varies from the criteria listed in a rule, the rule is not conclusive as to an individual's disability but is advisory only. 20 C.F.R. §§ 404.1569a, 416.969a.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation and internal quotation marks omitted). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted).

In reviewing the Commissioner's decision, the court may not reweigh the evidence or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014); *Winschel*, 631 F.3d at 1178 (citations omitted); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Ingram*, 496 F.3d at 1260 (citation omitted). The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial

evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (*per curiam*) (citations omitted).

   III.   Discussion

Plaintiff argues that the Administrative Law Judge (ALJ) committed reversible error by failing to properly evaluate the opinion of consultative examiner, Adejuyigbe Adaralegbe, M.D. He complains that the ALJ found Dr. Adaralegbe's opinion "unpersuasive" because it was based upon a one-time examination but found opinions from other consultants "somewhat persuasive" and "persuasive" even though these consultants examined Plaintiff once or not at all. Plaintiff also claims the ALJ "cherry-picked evidence" to find Dr. Adaralegbe's opinion inconsistent with other record evidence. Finally, Plaintiff states that the ALJ erred in noting Dr. Adaralegbe's opinion "seem[ed] to be based on [Plaintiff's] reported symptoms" (Tr. 26). In response, the Commissioner indicates that did not err in evaluating Dr, Adaralegbe's opinions and that reasonable minds reviewing the record could agree that Plaintiff's impairments were not disabling.

Plaintiff submitted his application for benefits on March 2, 2020. Thus, the ALJ properly applied the new regulations governing medical opinions.[2] Namely, under 20

---

[2] Previously, in the Eleventh Circuit, an ALJ was required to afford the testimony of a treating physician substantial or considerable weight unless "good cause" was shown to the contrary. *Winschel*, 631 F.3d at 1179; *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004) (*per curiam*) (citation omitted). Claims filed on or after March 27, 2017, however, are governed by the new regulations that remove the "controlling weight" requirement when considering the opinions of treating physicians. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). *See also Harner v. Soc. Sec. Admin., Comm'r*, 38 F.4th 892, 896 (11th Cir. 2022) (concluding that, since the new regulations

C.F.R. §§ 404.1520c and 416.920c, an ALJ will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion or prior administrative finding, including from a claimant's medical source.  20 C.F.R. §§ 404.1520c(a), 416.920c(a).  Rather, in assessing a medical opinion, an ALJ considers a variety of factors, including but not limited to whether an opinion is well-supported, whether an opinion is consistent with the record, the treatment relationship between the medical source and the claimant, and the area of the medical source's specialization.  20 C.F.R. §§ 404.1520c(c)(1)-(4), 416.920c(c)(1)-(4).  The primary factors an ALJ will consider when evaluating the persuasiveness of a medical opinion are supportability and consistency.  20 C.F.R. §§ 404.1520c(a) & (b)(2), 416.920c(a) & (b)(2).  Specifically, the more a medical source presents objective medical evidence and supporting explanations to support the opinion, the more persuasive the medical opinion will be.  20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1).  Further, the more consistent the medical opinion is with the evidence from other medical sources and nonmedical sources, the more persuasive the medical opinion will be.  20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).  And, in assessing the supportability and consistency of a medical opinion, the regulations provide that the ALJ need only explain the consideration of these factors on a source-by-source basis – the regulations do not require the ALJ to explain the consideration of each opinion from the same source.

---

fall within the scope of the Commissioner's authority and are not arbitrary and capricious, the new regulations abrogate the Eleventh Circuit's prior precedents applying the so-called treating-physician rule).

*See* 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Beyond supportability and consistency, an ALJ may also consider the medical source's specialization and the relationship the medical source maintains with the claimant, including the length of the treatment relationship, the frequency of examinations, the purpose of the treatment relationship, the extent of the treatment relationship, and whether the medical source examined the claimant, in addition to other factors. 20 C.F.R. §§ 404.1520c(c)(3)(i)-(v), (4), & (5), 416.920c(c)(3)(i)-(v), (4), & (5). While the ALJ must explain how he or she considered the supportability and consistency factors, the ALJ need not explain how he or she considered the other factors.[3] 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

Dr. Adaralegbe, who performed a disability consultative examination on September 19, 2020, opined that Plaintiff suffers from bilateral lower extremity lymphedema and right knee osteoarthritis (Tr. 698). Dr. Adaralegbe opined that Plaintiff has limitations in sitting, standing, and walking. He opined that Plaintiff can perform these tasks occasionally due to bilateral lower extremity pain and lymphedema (Tr. 698). Dr. Adaralegbe additionally opined that Plaintiff has limitations in lifting and carrying; he can lift and carry 10 pounds occasionally on either side due to bilateral lower extremity pain and feeling unbalanced from the pain

---

[3] The exception is when the record contains differing but equally persuasive medical opinions or prior administrative medical findings about the same issue. *See* 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

(Tr. 699). Based on his physical exam, Dr. Adaralegbe recommended that Plaintiff follow up with his primary care provider (Tr. 699).

To the extent that Plaintiff contends the ALJ improperly discounted Dr. Adaralegbe's opinions since they were based upon a one-time consultative examination, I find the ALJ did not err. Even though the ALJ concluded that other consultative examiners' opinions were more persuasive, it was not improper for the ALJ to note that Dr. Adaralegbe only examined Plaintiff once. As the Commissioner indicates, the ALJ found Dr. Adaralegbe's opinion unsupported by his own examination findings and inconsistent with other record evidence, and she provided support (albeit brief) for her findings (Tr. 26). This analysis complies with the new regulations. *See* 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1).

Moving on to Plaintiff's next contention, that the ALJ erred by noting that Dr. Adaralegbe's opinions "seem[ed] to be based on [Plaintiff's] reported symptoms," I again find no error. The ALJ discussed that Dr. Adaralegbe's exam revealed normal strength and that his exam did not reveal any objective findings explaining Plaintiff's reported extreme limitations (Tr. 26). Specifically, the ALJ stated:

> His own examination noted no joint stiffness, swelling, or loss of sensation. There was no paresthesia, motor strength was normal, he had full range of motion in all his joints, with his station normal and he did not utilize a handheld assistive device.

(Tr. 26).

Similarly, I find Plaintiff's contention that the ALJ "cherry- picked evidence" meritless. To support her finding that Dr. Adaralegbe's opinions were "unpersuasive,"

the ALJ cited record evidence from the emergency department at Orlando Health (Ex. 3F; Ex. 5F) and Orlando Regional Medical Center (Ex. 10F) that revealed Plaintiff had full range of motion in his extremities, full weight bearing, no numbness or paresthesia, no evidence of lower extremity injury, and pulse, motor and sensory intact with no swelling or deformity (Tr. 26).  While Plaintiff points to other record evidence that supports his subjective complaints, the Commissioner maintains that Plaintiff is not entitled to remand merely because he can identify evidence that is favorable to his claim.  I agree.

Plaintiff's argument here is, in essence, that there is evidence in the record that *could* support a different RFC determination and a determination that the ALJ improperly evaluated Dr. Adaralegbe's opinions.  Specifically, Plaintiff complains that the record evidence reveals repeated findings of lower extremity edema, swelling, erythema, discoloration, and limited weight bearing.  However, even assuming Plaintiff provided ample evidentiary support for these conditions and resulting limitations, which is debatable, his request is outside of the scope of this Court's review.  *See Moore v. Barnhart*, 405 F.3d 1208, 1213 (11th Cir. 2005) ("To the extent that Moore points to other evidence which would undermine the ALJ's RFC determination, her contentions misinterpret the narrowly circumscribed nature of our appellate review, which precludes us from 're-weigh[ing] the evidence or substitut[ing] our own judgment for that [of the Commissioner]' ….") (alteration in original).  When reviewing an ALJ's decision, the Court's job is to determine whether the administrative record contains enough evidence to support the ALJ's factual findings.

11

*See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, ___ U.S. ___; 139 S.Ct. 1148, 1154 (2019). "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Id.* In other words, the Court is not permitted to reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision. *See Bloodsworth*, 703 F.2d at 1239. Thus, I find that the evidence provides substantial support for the ALJ's RFC and that the ALJ did not err in evaluating Dr. Adaralegbe's opinion.

  IV. Conclusion

Accordingly, after consideration, it is hereby

ORDERED:

  1. The decision of the Commissioner is affirmed.

  2. The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

DONE AND ORDERED in Tampa, Florida, on this 12th day of April, 2023.

*[signature]*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record